2002 ND 106

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Debra K. EDWARDSON, A Member of the Bar of the State of North Dakota.

Disciplinary Board of The Supreme Court of the State of North Dakota, Petitioner,

v.

Debra K. Edwardson, Respondent.

No. 20020068.

Supreme Court of North Dakota.

July 11, 2002.

Loralyn Kay Hegland (argued), Assistant Disciplinary Counsel, Bismarck, ND, for petitioner.

Debra K. Edwardson, pro se, Edwardson Law Office, Union Annex Building, Minot, ND, (no brief or argument).

PER CURIAM.

[¶1] Disciplinary counsel filed a petition for discipline against Debra K. Edwardson. Edwardson contested the allegations of misconduct and was granted a hearing before a hearing panel. Although Edwardson filed an answer to the petition she did not appear at the hearing. The hearing panel found professional misconduct by Edwardson and recommended she be suspended from the practice of law for 60 days and be required to pay the costs of the disciplinary proceedings. Edwardson filed objections to the hearing panel's report, but she did not file a brief or appear at the oral argument before this Court.

[¶2] We conclude Edwardson violated N.D.R. Prof. Conduct 3.2, by failing to make reasonable efforts to expedite litigation consistent with the interests of her client; violated N.D.R. Lawyer Discipl. 1.2(A)(8), by engaging in conduct prejudicial to the administration of justice; violated N.D.R. Prof. Conduct 3.3(a)(1), by making false statement to the court; and violated N.D.R. Prof. Conduct 1.16(a)(1), by failing to withdraw from representation when she should have reasonably known her representation would result in viola-

tion of the rules of professional conduct. For this professional misconduct we order Edwardson be suspended from the practice of law for 60 days, commencing September 1, 2002. We further order that Edwardson pay the costs of these disciplinary proceedings in the amount of $2,169.24, as certified in an affidavit of costs and expenses by disciplinary counsel, and that she also pay the costs of this review, to be determined and certified to this Court by the Disciplinary Board.

I

[¶ 3]  Edwardson was admitted to practice law in North Dakota on September 22, 1995. During the period relevant to this case, Edwardson was practicing law in Minot.

[¶ 4]  Donald Fraser is a former sales representative of Maintenance Engineering ("M.E.") He describes himself as an independent contractor, who stopped selling products for M.E. and was later sued by M.E. in 1996 for allegedly violating agreements regarding the use of customer lists. Fraser retained an attorney and filed an answer and a counterclaim against M.E. About a year later, Fraser's attorney advised Fraser that due to illness he was no longer able to represent him, and the attorney suggested Fraser retain Edwardson. Although Edwardson contended she informed Fraser she would not represent him in defense of the M.E. lawsuit, but would only represent him and others similarly situated in a class action, Edwardson in her written response did not deny an attorney-client relationship existed and that she received fees of $3,000 from Fraser.

[¶ 5]  On September 9, 1999, M.E. served a request for production of documents. Edwardson failed to respond, and on November 2, 1999, M.E.'s attorney wrote to Edwardson stating the responses were delinquent and requesting production of the documents no later than November 4, 1999. Edwardson immediately responded that she had been preoccupied by family matters and the documents would be submitted no later than November 10, 1999. Edwardson failed to produce the documents as promised.

[¶ 6]  On December 23, 1999, M.E. filed a motion to compel discovery and requested the court to impose sanctions against Fraser. Edwardson did not advise Fraser of M.E.'s motion or that it had been set for hearing on January 10, 2000. Edwardson did not appear at the hearing or file a response to the motion. The court entered an order directing Fraser to respond to the discovery request within ten days and ordering Fraser to pay sanctions in the amount of $500. Edwardson did not advise Fraser of the court's order and did not respond to it. On January 20, 2000 M.E. moved to strike Fraser's answer and counterclaim in the underlying lawsuit, as a sanction for failure to comply with the court's discovery order. Edwardson did not inform Fraser about the motion or the hearing date, but she responded by facsimile and appeared telephonically at the hearing. Upon conclusion of the hearing, the district court entered an order dismissing Fraser's counterclaim with prejudice. Edwardson did not notify Fraser of the court's action.

[¶ 7]  In explanation of her conduct, Edwardson argues that, prior to her representation of Fraser, he responded to a request for document production by providing limited information and he knowingly failed to produce documents which were in his possession. She argues that if she had asked Fraser to produce all of the documents in his possession in response to the later discovery request, Fraser would have, thereby, revealed he had committed perjury or fraudulent conduct in his earli-

er responses. Edwardson claims, therefore, she was forced to not respond to the motion for production of documents, was forced to have her client accept sanctions for not responding, and was forced to allow her client's case to be dismissed with prejudice. She further asserts that, as a matter of trial tactics, having the case dismissed was advantageous to Fraser because it resulted in M.E. also dismissing its claim against him.

[¶ 8] Fraser testified at the disciplinary hearing that Edwardson had told him she needed to get his case dismissed so he could join the class action lawsuit against M.E. After Fraser's counterclaim was dismissed he sought to join as a plaintiff in a class action lawsuit against M.E., but counsel advised Fraser that the dismissal with prejudice of his counterclaim against M.E. precluded him from joining the class action lawsuit. Fraser then filed a complaint with disciplinary counsel alleging misconduct by Edwardson in her representation of him.

## II

### A.

[¶ 9] We review disciplinary proceedings de novo on the record. *In re Disciplinary Action Against Howe*, 2001 ND 86, ¶ 6, 626 N.W.2d 650. We accord due weight to the findings, conclusions, and recommendations of the hearing panel, but we do not act as a mere "rubber stamp." *In re Disciplinary Action Against McDonald*, 2000 ND 87, ¶ 13, 609 N.W.2d 418. Disciplinary counsel bears the burden of proving each alleged violation of the disciplinary rules by clear and convincing evidence. *In re Disciplinary Action Against Seaworth*, 1999 ND 229, ¶ 24, 603 N.W.2d 176. Each disciplinary case must be considered upon its own facts to decide what discipline is warranted. *In*

*re Disciplinary Action Against Howe*, 2001 ND 7, ¶ 4, 621 N.W.2d 361.

### B.

[¶ 10] On the morning scheduled for the disciplinary hearing, Edwardson sent an e-mail to the panel asserting possible bias against her by the panel chairman and requesting he disqualify himself from the case. In support of her request, Edwardson asserted that she had previously sued the chairman's law firm on behalf of a client, alleging members of the firm committed fraud, fraudulent inducement, and breach of fiduciary duty. Upon receiving the e-mail communication, the panel recessed and met off the record about the issue of disqualification. Following that off-record discussion the chairman stated on the record:

> [I]t is the conclusion of the panel that there exists no conflict of interest and that the hearing panel can be fair and impartial in evaluating the evidence and reaching a decision on this matter.

[¶ 11] Rule 2.3(c), N.D.R. Lawyer Discipl., provides that a hearing panel member "shall refrain from taking part in any proceedings in which a judge, similarly situated, would be required to disqualify." Under N.D.Code Jud. Conduct Canon 3(E)(1), a judge "shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." In her e-mail transmission, Edwardson made factual allegations which might reasonably place into question the panel chairman's impartiality. We need not, however, decide whether Edwardson presented sufficient evidence to require disqualification, because our review in disciplinary proceedings is de novo. *See Reems v. St. Joseph's Hospital*, 536 N.W.2d 666, 671 (N.D.1995) (code of judicial conduct does not specify reversal as a remedy for a canon violation as such reme-

dy is not required where this Court can review the record for instances of actual bias). While we can accord weight to the findings and recommendations of a hearing panel, on disciplinary matters we make the determination of wrongdoing and of warranted sanctions, if any. Furthermore, we find on this record that the professional misconduct violations are unmistakable and are supported by clear and convincing evidence. It is unnecessary for us to place significant weight upon the findings of the panel to conclude violations were committed. Consequently, it is not necessary to resolve the allegation of disqualifying circumstances regarding the panel chairman to resolve the disciplinary issues.

### III

#### A.

■ [¶ 12] Disciplinary counsel alleged Edwardson violated N.D.R. Prof. Conduct 3.2, which provides:

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

The hearing panel found that Edwardson violated this rule:

The Hearing Panel finds, by clear and convincing evidence, that Edwardson violated this rule. Edwardson failed to assert any reasonable steps to promote the interests of her client's claim. She failed to respond to discovery requests. She failed to respond to orders of a District Judge. As a result, her client's case was ultimately dismissed. Furthermore, she failed to inform the client of the status of his case, or the consequences of her inaction resulting in the dismissal of his case. Finally, she failed to inform the client that his case was dismissed. The client learned of the result at a much later date, from another attorney.

[¶ 13] We conclude there is clear and convincing evidence to support this allegation of professional misconduct. In spite of assertions to M.E.'s attorney that she would comply with the discovery requests, Edwardson failed to do so. Edwardson claims that by complying with the request she would have jeopardized her client by revealing that in a prior request her client withheld documents. It is not clear under the circumstances how honestly and fully complying with this discovery request would have necessarily demonstrated prior wrongdoing by her client or would have resulted in negative consequences to him. What is certain, however, is that Edwardson failed to expedite litigation by failing to comply with the discovery rules and her noncompliance resulted in dismissal of her client's counterclaim and imposition of sanctions against him. Edwardson should have fully complied with the discovery process after advising Fraser about all of the possible ramifications of compliance.

#### B.

■ [¶ 14] Disciplinary counsel alleged Edwardson violated N.D.R. Lawyer Discipl. 1.2(A)(8), which provides:

A lawyer may be disciplined for the following misconduct:

. . . .

(8) Engaging in conduct prejudicial to the administration of justice, including willful violation of a valid order of the court or board imposing discipline, or willfully failing to respond to a lawful demand from a disciplinary authority, except that this rule does not require disclosure of information otherwise protected by applicable rules of privilege or confidentiality.

The hearing panel found Edwardson violated this rule:

[T]he rules for lawyer discipline state that a lawyer may be disciplined for

engaging in "conduct prejudicial to the administration of justice." This would include the willful violation of a valid order of the court. Here, Edwardson clearly violated the court's order. If she couldn't respond to the court's order to produce documents, she should have availed herself of other rules. She should have removed herself from the situation. This she did not do. We find, by clear and convincing evidence that N.D.R. Lawyer Discipline 1.2[A](8) was violated.

[¶ 15] We conclude there is clear and convincing evidence to support this allegation of professional misconduct. Edwardson admits she did not comply with the court's order. Fraser testified at the disciplinary hearing that Edwardson never told him about M.E.'s motion to compel discovery and never informed him that the court had entered an order imposing a $500 sanction against him for noncompliance. Edwardson not only disobeyed the court's order, but she failed to keep her client informed about the circumstances and consequences of her actions. This is outrageous and egregious conduct by an attorney and is clearly a violation of this rule which prohibits conduct prejudicial to the administration of justice.

## C.

[¶ 16] Disciplinary counsel alleged Edwardson violated N.D.R. Prof. Conduct 1.16(a)(1), which provides:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall seek to withdraw from the representation of a client if:

(1) The lawyer reasonably believes that the representation will result in violation of the rules of professional conduct or other law.

The hearing panel found that Edwardson violated this rule:

By her own admission, Edwardson believed that Fraser had previously, and fraudulently, failed to provide complete discovery responses. . . . Under the circumstances Rule 1.16 requires that she withdraw from representing Fraser. Edwardson made no attempt to do so. Instead, she remained silent, both to the court and her client. She sat silent and watched as her client's claim was dismissed, with prejudice. A reasoned attorney would not do so. A reasoned attorney would have assessed the situation, consulted the rules, and acted to remove herself from the situation to the least detriment of her client. Edwardson's conduct not only proves flawed judgment, but a direct violation of the Rules of Professional Conduct.

[¶ 17] We conclude there is clear and convincing evidence that Edwardson assumed representation of Fraser and received fees of $3,000 to do so. We further conclude there is clear and convincing evidence to support this allegation of professional misconduct. If Edwardson honestly believed she could not respond to the discovery request without jeopardizing her client, she should have reasonably known that her failure to comply would violate the rules of professional conduct and, rather than violating those rules, she should have sought to withdraw her representation under N.D.R. Prof. Conduct 1.16(a)(1) quoted above. Edwardson's willful violation of the professional conduct rules requiring that a lawyer expedite litigation consistent with her client's interests and requiring that she not engage in conduct prejudicial to the administration of justice, rather than seeking to withdraw her representation, constituted a violation of N.D.R. Prof. Conduct 1.16(a)(1).

#### D.

■ [¶ 18] Disciplinary counsel alleged Edwardson violated N.D.R. Prof. Conduct 3.3(a), which provides, in part:

(a) A lawyer shall not:

(1) Make a statement to a tribunal of fact or law that the lawyer knows to be false.

The hearing panel concluded disciplinary counsel failed to prove this violation by clear and convincing evidence. We disagree with the panel's finding and conclusion on this allegation of professional misconduct.

[¶ 19] M.E. filed a motion to strike Fraser's answer and counterclaim and for a default judgment. The motion was scheduled for hearing on January 24, 2000. Edwardson filed a written response to the motion about one-half hour before the hearing began, and she also appeared telephonically at the hearing. In her written response Edwardson stated:

The Defendant is not unjustifiably resisting discovery. See Affidavit of Debra K. Edwardson. The delay was unintentional due to numerous factors including illness of counsel.

Edwardson has made it clear on this record that her failure to comply with the discovery request and the court's order for compliance was not unintentional or due to illness, but rather was a calculated trial strategy to avoid revealing that her client had previously withheld documents in his possession. We conclude there is clear and convincing evidence that Edwardson made statements to the lower court that she knew to be false and by that conduct she violated N.D.R. Prof. Conduct 3.3(a).

#### E.

■ [¶ 20] Disciplinary counsel alleged Edwardson violated N.D.R. Lawyer Discipl. 3.1(D)(3), by failing to serve a written response to the allegations made against her in the informal complaint brought by her client. Disciplinary counsel asserts Edwardson's failure to respond resulted in a violation of N.D.R. Lawyer Discipl. 1.2(A)(8), which prohibits "willfully failing to respond to a lawful demand from a disciplinary authority." Disciplinary counsel explains that Edwardson, by failing to respond to the informal complaint, violated this rule because she, in effect, failed to respond "to a lawful demand from a disciplinary authority." We recognize there is some ambiguity in the interplay of these two rules as applied to these circumstances, i.e., whether the failure to provide a written response to an informal complaint as required by N.D.R. Lawyer Discipl. 3.1(D)(3) thereby constitutes a failure to respond to a lawful demand from a disciplinary authority in violation of N.D.R. Lawyer Discipl. 1.2(A)(8). The hearing panel did not find a violation of N.D.R. Lawyer Discipl. 3.1(D)(3), and under these circumstances, we conclude there is not clear and convincing evidence of a violation of this rule.

#### IV

#### A.

■ [¶ 21] The hearing panel recommended that Edwardson be suspended from the practice of law for a period of 60 days. In determining the appropriate sanction for violation of rules of professional conduct this Court is directed by the North Dakota Standards for Imposing Lawyer Sanctions. *In re Disciplinary Action Against Seaworth*, 1999 ND 229, ¶ 35, 603 N.W.2d 176. Standards 6.2 and 6.22 provide:

6.2 Abuse of the Legal Process. Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litiga-

tion or bring a meritorious claim, or failure to obey any obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists:

. . . .

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order [or] rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

[¶ 22] Standard 9.22 provides that the presence of a prior disciplinary offense is an aggravating factor, and Standard 9.21 provides that an aggravating factor may justify an increase in the degree of discipline to be imposed.

[¶ 23] Previously, on November 6, 2000, Edwardson was admonished for violating N.D. Prof. Conduct 1.3 for failing to act with reasonable diligence and promptness in representing a client by failing to timely submit briefs in three separate appeals to this Court. Considering Edwardson's professional misconduct and the aggravating factor of her having had a prior disciplinary offense, we concur with the hearing panel's recommendation, and we order that Edwardson be suspended from the practice of law for a period of 60 days, commencing September 1, 2002. Although Edwardson asserts this sanction is excessive, we believe it is fully warranted under the circumstances.

### B.

[¶ 24] Under N.D.R. Lawyer Discipl. 1.3(A)(9) the assessment of costs and expenses of proceedings against the lawyer is an appropriate form of discipline. *See In re Disciplinary Action Against Howe,* 2001 ND 86, ¶ 40, 626 N.W.2d 650. Disciplinary counsel has filed an affidavit of costs and expenses in the amount of $2,169.24. That amount does not include the costs for this review. Consequently, we order Edwardson pay $2,169.24 for the costs and expenses of the disciplinary proceedings and that she also pay the costs and expenses for this review. We, therefore, order the matter be remanded to the Disciplinary Board for determination and certification to this Court of the costs for this review.

[¶ 25] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ, concur.